IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
Case No. 4:18-cv-00015

| | |
|---|---|
| ATLANTIC COAST PIPELINE, LLC,<br><br>    *Plaintiff*,<br><br> v.<br><br>4.24 ACRES, MORE OR LESS, IN HALIFAX COUNTY, NORTH CAROLINA, LOCATED ON PARCEL IDENTIFICATION NO. 0500899 IDENTIFIED IN BOOK PL 6, PAGE 12, AND OWNED BY GRACE A. COPELAND, DWIGHT A. COPELAND, DEREK R. COPELAND, JERRELLE M. COPELAND, DWAYNE C. COPELAND, ORIAN JOHNSON, RAYMOND JOHNSON, TIESTA JOHNSON, CARROL JOHNSON, FLORENCE JOHNSON, ANGELA CHERRY, ERNESTINE CHERRY, ROSETTA CHERRY, BARBARA CHERRY, MARY K. CAMPBELL, MELVIN KYLER, MICHAEL KYLER, MERLIN KYLER, KIMBERLY NICOLE SCOTT, GERALD KINARD SCOTT, MAMIE SCOTT, SANDRA SCOTT, CLENTIS SCOTT, JR., AUDRY SCOTT ADKINS, BRENDA R. SCOTT, CLEMENTINE S. RUFFIN, PRISCILLA SCOTT, CAMILLA S. SMITH, CHRISTOPHER D. SCOTT, RAYMOND CHERRY, MARY SCOTT HORTON, GLORIA RICHARDSON, PANDORA A. SCOTT, FLOYD A. SCOTT, MORRIS L. SCOTT, CRANSTON W. SCOTT, AND THE UNKNOWN HEIRS OF MARY R. SCOTT,<br><br> and<br><br>GRACE ANN COPELAND<br>3416 North Olympic Road<br>Mesa, Arizona 85215, | **COMPLAINT IN CONDEMNATION**<br><br>15 U.S.C. § 717f(h); Fed. R. Civ. P. 71.1 |

and

DWIGHT A. COPELAND
3416 North Olympic Road
Mesa, Arizona 85215,

and

DEREK R. COPELAND
516 Rocklyn Avenue
Pikesville, Maryland 21208,

and

JERRELLE MARIA COPELAND
9436 East Thunder Pass Drive
Gold Canyon, Arizona 85118,

and

DWAYNE C. COPELAND
3416 North Olympic Road
Mesa, Arizona 85215,

and

ORIAN JOHNSON
211 Warren Street
Newark, New Jersey 07103,

and

RAYMOND JOHNSON
211 Warren Street
Newark, New Jersey 07103,

and

TIESTA JOHNSON
*Address Unknown*,

and

CARROL JOHNSON
*Address Unknown*,

and

FLORENCE JOHNSON
2406 E. State Road 60, P.O. Box 143
Valrico, Florida 33595,

and

ANGELA CHERRY
*Address Unknown*,

and

ERNESTINE CHERRY
*Address Unknown*,

and

ROSETTA CHERRY
1623 Village Green Drive
Landover, Maryland 20785,

and

BARBARA CHERRY
*Address Unknown*,

and

MARY K. CAMPBELL
2207 Adderbury Court SW
Smyrna, Georgia 30082,

and

MELVIN KYLER
*Address Unknown,*

and

MICHAEL KYLER
*Address Unknown,*

and

MERLIN KYLER,
8841 Kimberly Court
Detroit, Michigan 48204,

    and

KIMBERLY NICOLE SCOTT
5600 Amity Spring Road
Charlotte, North Carolina 28212,

    and

GERALD KINARD SCOTT
516 Hemingway Street
Winston Salem, North Carolina 27127,

    and

MAMIE SCOTT
5050 8th Street NE
Washington, D.C. 20017,

    and

SANDRA SCOTT
1123 Carrington Avenue
Capital Heights, Maryland 20743,

    and

CLENTIS SCOTT, JR.
2602 Brinkley Road, Apt. 515
Fort Washington, Maryland 20744,

    and

AUDRY SCOTT ADKINS
9613 Tuckerman Court
Lanham, Maryland 20706,

    and

BRENDA R. SCOTT
5519 3rd Street NW
Washington, D.C. 20011,

and

CLEMENTINE S. RUFFIN
220 Sutton Avenue
Reedville, Virginia 22539,

and

PRISCILLA SCOTT
18519 Strawberry Knoll Road
Gaithersburg, Maryland 20879,

and

CAMILLA S. SMITH
10808 Eberhardt Drive
Gaithersburg, Maryland 20879,

and

CHRISTOPHER D. SCOTT
1635 6th Street NW, Unit #8
Washington, D.C. 20001,

and

THE UNKNOWN HEIRS OF MARY R. SCOTT,

*Defendants*.

## Nature of the Case

1. Plaintiff Atlantic Coast Pipeline, LLC ("Atlantic"), pursuant to its power of eminent domain as authorized by Section 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h), and Federal Rule of Civil Procedure 71.1, files this action for (i) the taking of certain interests in real property; (ii) immediate entry and possession of the real property; and (iii) the ascertainment and award of just compensation to the owners of interest in real property, Grace Ann Copeland, Dwight A.

Copeland, Derek R. Copeland, Jerrelle Maria Copeland, Dwayne C. Copeland, Orian Johnson, Raymond Johnson, Tiesta Johnson, Carrol Johnson, Florence Johnson, Angela Cherry, Ernestine Cherry, Rosetta Cherry, Barbara Cherry, Mary K. Campbell, Melvin Kyler, Michael Kyler, Merlin Kyler, Kimberly Nicole Scott, Gerald Kinard Scott, Mamie Scott, Sandra Scott, Clentis Scott, Jr., Audry Scott Adkins, Brenda R. Scott, Clementine S. Ruffin, Priscilla Scott, Camilla S. Smith, Christopher D. Scott, and the Unknown Heirs of Mary R. Scott, and any other interested parties (collectively, the "Owners").

## Jurisdiction and Venue

2. This Court has original jurisdiction in this matter pursuant to 28 U.S.C. § 1331 and Section 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h), because: (a) Atlantic is the holder of a certificate of public convenience and necessity issued by the Federal Energy Regulatory Commission ("FERC") for the construction of an interstate natural gas pipeline that crosses West Virginia, Virginia, and North Carolina; (b) Atlantic, despite negotiation efforts, has been unable to acquire by contract, or has been unable to agree with the Owners as to the compensation to be paid for, the necessary easements to construct, operate, and maintain a pipeline for the transportation of natural gas; and (c) the amount claimed by the Owners exceeds $3,000.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the interests in the real property that Atlantic seeks to condemn are located within the Eastern District of North Carolina.

## Parties

4. Atlantic is a Delaware limited liability company with its principal office located at 120 Tredegar Street, Richmond, Virginia 23219. Atlantic is an interstate natural gas company as defined by the Natural Gas Act, 15 U.S.C. § 717a(6), and, as such, is authorized to construct, own, operate, and maintain pipelines for the transportation of natural gas in interstate commerce.

Atlantic's transportation of natural gas in interstate commerce is subject to the jurisdiction and approval of FERC.

5. Grace Ann Copeland, Dwight A. Copeland, Derek R. Copeland, Jerrelle Maria Copeland, Dwayne C. Copeland, Orian Johnson, Raymond Johnson, Tiesta Johnson, Carrol Johnson, Florence Johnson, Angela Cherry, Ernestine Cherry, Rosetta Cherry, Barbara Cherry, Mary K. Campbell, Melvin Kyler, Michael Kyler, Merlin Kyler, Kimberly Nicole Scott, Gerald Kinard Scott, Mamie Scott, Sandra Scott, Clentis Scott, Jr., Audry Scott Adkins, Brenda R. Scott, Clementine S. Ruffin, Priscilla Scott, Camilla S. Smith, Christopher D. Scott, and the unknown heirs of Mary R. Scott have an ownership interest in real property in Halifax County, North Carolina, described as Parcel Identification No. 0500899, as more particularly described as "Property of Mary R. Scott Heirs" dated January 10, 1997, and recorded February 24, 1997 in a Warranty Deed in Book PL 6, Page 12 of the land records of Halifax County, and comprised of 75.75 acres, more or less (the "Property")[1]. The Property is depicted in **Exhibit 1**.

6. There may be other persons who claim an interest in the property to be condemned whose names are currently unknown to Atlantic because they could not be ascertained by a diligent inquiry. These persons will be made parties to this action as permitted by Federal Rule of Civil Procedure 71.1(c)(3).

**Facts**

7. Atlantic is in the process of constructing an approximately 600-mile underground pipeline and related facilities for the purpose of transporting natural gas from West Virginia to Virginia and North Carolina (the "ACP Project").

---

[1] Atlantic has acquired the Easements by agreement from Raymond Cherry, Mary Scott Horton, Gloria Richardson, Pandora A. Scott, Floyd A. Scott, Morris L. Scott, and Cranston W. Scott, who also own the Property.

7

8. The ACP Project will measure approximately 42 inches in diameter in West Virginia and Virginia, and 36 inches in diameter in North Carolina. Certain extensions of the ACP Project will measure 20 inches in diameter from Northampton County, North Carolina to the City of Chesapeake, Virginia and 16 inches in diameter in Brunswick County, Virginia and Greensville County, Virginia.

9. Natural gas transported by the ACP Project will serve multiple public utilities and is necessary to satisfy the growing energy needs of consumers in Virginia and North Carolina.

10. Atlantic filed an application for a certificate of public convenience and necessity with FERC on September 18, 2015, FERC Docket No. CP15-554-000, in which it sought permission to construct the ACP Project and attendant facilities. On October 13, 2017, FERC issued a certificate of public convenience and necessity (the "FERC Certificate") authorizing Atlantic to construct and operate the ACP Project. A copy of the FERC Certificate is attached as **Exhibit 2**.

11. FERC found that the ACP Project will "primarily serve natural gas demand in Virginia and North Carolina." *See* Ex. 2, at 35, ¶ 79.

12. FERC also found that the "public at large will benefit from increased reliability of natural gas supplies." *See* Ex. 2, at 35, ¶ 79.

13. As a result, the ACP Project "serves a 'public use'" as determined by FERC. *See* Ex. 2, at 34, ¶ 79.

14. Atlantic must begin construction of the ACP Project as soon as possible to ensure completion within FERC's deadline. *See* Ex. 2.

15. The FERC-approved route of the ACP Project crosses the Property. A map depicting the route of the ACP Project is attached as **Exhibit 3**.

16. Atlantic seeks to construct a portion of the ACP Project on the Property. The ACP Project cannot be constructed until Atlantic acquires certain permanent easements (the "Permanent Easements") and temporary easements (the "Temporary Easements") on the Property (collectively the "Easements"). The Easements are necessary for constructing, maintaining, operating, altering, testing, replacing, and repairing the ACP Project.

17. A plat depicting the size and nature of the Easements and the ACP Project's route across the Property is attached hereto as **Exhibit 4**.

18. The Permanent Easements to be taken on the Property include a permanent and exclusive easement and right-of-way to construct, operate, maintain, replace, repair, remove or abandon the ACP Project and appurtenant equipment and facilities, as well as the right to change the location of the installed pipeline within the area of the Permanent Easement as may be necessary or advisable.

19. The Temporary Easements will enable Atlantic to construct the ACP Project and engage in restoration or clean-up activities. The Temporary Easements are requested as of the date of authorized entry onto the Property and their use is required until all work, including restoration, is complete. The Temporary Easements will be effective and condemned for a period not to exceed five (5) years following Atlantic's possession of the Easements.

20. Atlantic also seeks to acquire the right of ingress and egress to and from and through the Easements; the right to transport pipe, vehicles, machinery, persons, equipment, or other materials to and from and through the Easements, and the right of access through any existing roads on the Property.

21. Atlantic also seeks the right to fell trees and clear brush or other vegetation as necessary or convenient for the safe and efficient construction, operation, or maintenance of the ACP Project or to maintain safe and efficient access to and from the ACP Project.

22. The Owners shall retain the right to use the Property in any manner that will not interfere with the use and enjoyment of Atlantic's rights under the Easements. Specifically, the Owners shall not, without the prior written consent of Atlantic: (a) change the depth of cover or otherwise undertake earthmoving or construction within the Permanent Easements; (b) place or permit to be placed any temporary or permanent structure or obstruction of any kind, including but not limited to buildings, swimming pools, sheds, concrete pads, mobile homes, trees, telephone or electric poles, water or sewer lines, or similar structures, within the Permanent Easements; (c) store or operate any heavy equipment in the Permanent Easements, except the use of typical farming equipment; and (d) construct ponds or lakes in a manner that would flood the Permanent Easements.

23. Atlantic has negotiated with the Owners and has made several efforts to acquire the Easements by contract. However, Atlantic and the Owners have been unable to agree upon the compensation to be paid.

24. Atlantic requests the right to immediate possession of the Easements for purposes of constructing the ACP Project as described above.

25. Pursuant to the authority granted to Atlantic by Congress in Section 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h), Atlantic now seeks to take by eminent domain the Easements over the Property as depicted herein and in **Exhibit 4**.

**WHEREFORE**, Atlantic respectfully requests that this Court:

A. Enter an Order of Judgment of Taking by Eminent Domain as to the Easements as described herein;

B. Grant Atlantic immediate possession of the Easements prior to the determination of just compensation upon deposit with the Court of a sum of money representing the value of such Easements as determined by Atlantic's appraisal or land rights valuation analysis;

C. Ascertain and award just compensation to the Owners for the taking of the Permanent Easements;

D. Ascertain and award just compensation to the Owners for the taking of the Temporary Easements; and

E. Grant such other relief as may be just and proper.

This the 31st day of January, 2018.

/s/ Henry L. Kitchin, Jr.
Henry L. Kitchin, Jr.
N.C. State Bar No. 23226
MCGUIREWOODS LLP
Post Office Box 599 (28402)
Wilmington, North Carolina 28401
Telephone: (910) 254-3800
Facsimile: (910) 254-3900
Email: hkitchin@mcguirewoods.com

Sherrod Banks (NC Bar No. 15763)
Email: sbanks@bankslawfirm.com
Danielle Barbour Wilson (NC Bar No. 39516)
Email: dwilson@bankslawfirm.com
The Banks Law Firm, P.A.
P.O. Box 14350
Research Triangle Park, North Carolina 27709
Telephone: (919) 474-9137
Facsimile: (919) 474-9537

*Of Counsel:*

John D. Wilburn
Email: jwilburn@mcguirewoods.com
Richard D. Holzheimer, Jr.
Email: rholzheimer@mcguirewoods.com
McGuireWoods LLP
1750 Tysons Boulevard, Suite 1800
Tysons, Virginia  22102
Telephone:  (703) 712-5000
Facsimile:   (703) 712-5050

*Counsel for Atlantic Coast Pipeline, LLC*