IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:18-CV-15-BO

| | |
|---|---|
| ATLANTIC COAST PIPELINE, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>4.42 ACRES, MORE OR LESS, IN )<br>HALIFAX COUNTY, NORTH )<br>CAROLINA, et al., )<br>)<br>Defendants. ) | **ORDER and<br>ENTRY OF DEFAULT** |

This matter is before the clerk on the plaintiff's motion for clerk's entry of default [DE-95]. Plaintiff seeks the entry of default as to the following defendants: Orian Johnson, Angela Cherry, Rosetta Cherry, Audry Scott Adkins, Derek R. Copeland, Dwayne D. Copeland, Dwight A. Copeland, Christopher D. Scott, Camilla S. Smith, Tiesta Johnson, Carrol Johnson, Florence Johnson, Ernestine Cherry, Barbara Cherry, Melvin Kyler, Michael Kyler, Raymond Johnson, and the unknown heirs of Mary R. Scott.

Rule 55 of the Federal Rules of Civil Procedure provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). To obtain an entry of default under Rule 55, a plaintiff must show effective service on a defendant. Without being properly served, a defendant has no obligation to file an answer or appear in this action. See Maryland State Firemen's Ass'n v. Chaves, 166 F.R.D. 353, 354 (D. Md. 1996) ("It is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure

before a default or a default judgment may be entered against a defendant."), Henderson v. Los Angeles Cnty., No. 5:13-CV-635-FL, 2013 WL 6255610, at *1 (E.D.N.C. Dec. 4, 2013) (explaining that "a defendant's duty to respond to a complaint only arises upon proper service of process" and therefore a "plaintiff must show, by affidavit or otherwise, that proper service of process has been effected before default may be entered"); see also Fed. R. Civ. P. 71.1(e)(2).

Here, plaintiff was required to serve defendants pursuant to Rule 71.1(d)(3) of the Federal Rules of Civil Procedure. That rule requires plaintiff to personally serve, in accordance with Rule 4, each defendant whose address is known and who resides within the United States or a territory subject to the administrative or judicial jurisdiction of the United States with the notice required by Rule 71.1(d). See Fed. R. Civ. P. 71.1(d)(3)(A). If a defendant cannot be served in that manner, then plaintiff may effect service by publication under Rule 71.1(d)(3)(B).

The record shows that plaintiff served defendants Tiesta Johnson, Carrol Johnson, Florence Johnson, Ernestine Cherry, Barbara Cherry, Melvin Kelyer, Michael Kyler, Raymond Johnson, and the unknown heirs of Mary R. Scott via publication. See Certificate of Service by Publication Fed. R. Civ. P. 71.1(d)(3)(B)(i) [DE-91]; Certificate of Proof of Service by Publication Fed. R. Civ. P. 71.1(d)(3)(B)(ii) [DE-94]. The record also shows that plaintiff effected service under Rule 4 on Rosetta Cherry [DE-90], Audry Scott Adkins [DE-82], Derek R. Copeland [DE-85], Dwayne D. Copeland [DE-87], and Christopher Scott [DE-84]. The clerk finds that entry of default is appropriate as to these defendants.

The clerk cannot yet so find as to defendants Orian Johnson, Angela Cherry, or Camilla S. Smith. The affidavits of service as to Orian Johnson [DE-89] and Angela Cherry [DE-93] both state that these defendants were served by "posting" on the defendants' residences, located respectively in New Jersey and Maryland. It is unclear from plaintiff's motion for entry of default

2

how service by posting satisfies the requirements of Rules 4 and 71.1(d)(3)(A). Similarly, plaintiff relies on the affidavit of service filed at docket entry 83 to prove service on defendant Camilla S. Smith. That affidavit of service, however, shows proof of service on "Camilla S. Scott." Again, it is unclear how the proof of service for Camilla S. Scott establishes proper service as to Camilla S. Smith.

Accordingly, the motion for entry of default [DE-95] is GRANTED only as to defendants Rosetta Cherry, Audry Scott Adkins, Derek R. Copeland, Dwayne D. Copeland, Dwight A. Copeland, Christopher D. Scott, Tiesta Johnson, Carrol Johnson, Florence Johnson, Ernestine Cherry, Barbara Cherry, Melvin Kyler, Michael Kyler, Raymond Johnson, and the unknown heirs of Mary R. Scott. Default is hereby ENTERED as to defendants Rosetta Cherry, Audry Scott Adkins, Derek R. Copeland, Dwayne D. Copeland, Dwight A. Copeland, Christopher D. Scott, Tiesta Johnson, Carrol Johnson, Florence Johnson, Ernestine Cherry, Barbara Cherry, Melvin Kyler, Michael Kyler, Raymond Johnson, and the unknown heirs of Mary R. Scott.

The clerk reserves ruling on the motion for entry of default as to defendants Orian Johnson, Angela Cherry, and Camilla S. Smith. Plaintiff is DIRECTED to file, within 14 days of the filing date of this order, supplemental briefing or proof that shows that service was properly effected on these defendants.

SO ORDERED. This the 5 day of June, 2023.

Peter A. Moore, Jr.
Clerk of Court