IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
Case No. 4:18-cv-00015-BO

ATLANTIC COAST PIPELINE, LLC,

*Plaintiff,*

v.

4.24 ACRES, MORE OR LESS, IN
HALIFAX COUNTY, NORTH CAROLINA
*et al.*,

*Defendants.*

**ORDER ON PENDING MOTIONS
AND GRANTING JUDGMENT AS TO
DEFENDANTS IN DEFAULT**

This matter comes before the Court on the Motion for Default Judgment on all issues other than just compensation (the "Motion for Default Judgment") [Doc. 102] filed by plaintiff Atlantic Coast Pipeline, LLC ("Atlantic"), as well as the Court's docket entry of November 6, 2023 setting a just compensation hearing for December 12, 2023 and the Court's Order entered November 30, 2023 [Doc. 118] further setting out the matters to be considered by the Court on December 12, 2023.

The Court, having conducted a hearing at which Atlantic appeared and was represented by its counsel, and having considered Atlantic's Motion for Default Judgment and argument of counsel, and having received and reviewed Atlantic's evidence of the amount of just compensation owed by Atlantic to certain defendants in default in this action as well as other matters of record, and the Court being further advised in the premises, hereby ORDERS as follows:

1. With respect to the Motion for Default Judgment, such motion is hereby GRANTED on all issues other than just compensation with respect to all defendants herein except Florence Johnson n/k/a Florence Morrison ("Ms. Johnson").

2. With respect to the issue of just compensation, the Court finds that, with respect to all defendants herein except Ms. Johnson (the "Defendants in Default"), the total value of such defendants' proportionate ownership interest in the easements condemned in this action as to the real property described in the operative complaint is $3,126.60 (the "Just Compensation Amount"), and based upon Atlantic's evidence which indicates that the such defendants hold 57.9% of the ownership interest in such real property.

3. Pursuant to Fed. R. Civ. P. 71.1(j)(1), within sixty (60) days of this Order, plaintiff Atlantic shall deposit the Just Compensation Amount with the Clerk of the Court in the form of a cashier's or official bank check and electronically shall file a notice with the Court which confirms that such deposit has occurred.

4. Upon deposit of the Just Compensation Amount by Atlantic as described in paragraph 2 above, the Court DIRECTS the Clerk to place those funds in the Court's Registry Investment System (C.R.I.S.) administered by the Administrative Office of the United States Courts as Custodian, pursuant to Fed. R. Civ. P. 67 and/or Standing Order 17-SO-1, as applicable.

5. With respect to the Cash Bond previously posted by Atlantic in this action pursuant to the Court's Order dated March 16, 2018, Doc. 47, in the amount of $16,536.00 (*see also* Doc. 48), upon Atlantic's deposit of the Just Compensation Amount, the Court DIRECTS the Clerk of Court to return such cash bond to Atlantic by delivering a check in the amount of $16,536.00, plus accrued interest, if applicable, made payable to "Atlantic Coast Pipeline, LLC" in care of its attorney, Henry L. Kitchin, Jr., at Post Office Box 599, Wilmington, North Carolina 28402.

6. With respect to the Surety Bond previously posted by Atlantic in this, and other, condemnation actions (*see* Doc. 50), upon Atlantic's deposit of the Just Compensation Amount in this matter, the Clerk of the Clerk is directed to mail or otherwise deliver the original of the certified surety bond (Doc. 50) to the following: Henry L. Kitchin, Jr., at Post Office Box 599, Wilmington, North Carolina 28402.

7. Atlantic shall record a copy of this Order and the First Amended Complaint in Condemnation with all exhibits thereto, except Exhibits 2 and 3, among the land records for Halifax County, North Carolina, indexing all Defendants except Ms. Johnson as "Grantor" and Atlantic Coast Pipeline, LLC as Grantee; and

8. Once Plaintiff has satisfied the requirements set out in paragraphs 3 and 7 above, with respect to all Defendants except Ms. Johnson, indefeasible title to the temporary easement sought in the First Amended Complaint in Condemnation shall vest in Atlantic Coast Pipeline, LLC.

9. Pursuant to Fed. R. Civ. P. 71.1(j)(2), if any of the Defendants in Default wish to withdraw the funds representing the Just Compensation Amount, such defendant shall file a motion for disbursement of funds with the Court and shall issue a certificate of service showing service of the motion on all other parties with a property interest in the same parcel or easement, if any. Parties shall have fourteen (14) days to file a written objection with the Court. The Court will then resolve any objections and issue an Order on the withdrawal request. If there are no other parties with an interest in the property, the Court will permit disbursement only by a separate Order, but the fourteen-day period for objections will not apply.

10. Atlantic shall serve a copy of this Order on the Defendants in Default (to the extent address information is available to Atlantic) within five (5) days of its entry and shall file a proof of the same.

11. With respect to Ms. Johnson, per the Court's Order entered November 30, 2023, Atlantic's claims and Ms. Johnson's defenses, as well as the issue of the amount of just compensation owed by Atlantic to Ms. Johnson, shall be considered by the Court pursuant to separate proceedings at a later time.

It is so ORDERED.

ENTERED this __12__ day of December, 2023.

_____
HONORABLE TERRENCE W. BOYLE
United States District Judge