IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:18-CV-15-BO

ATLANTIC COAST PIPELINE, INC., )
    Plaintiff, )
     )
v. ) **O R D E R**
     )
4.24 ACRES, MORE OR LESS, IN )
HALIFAX COUNTY, NORTH )
CAROLINA, *et al.*, )
    Defendants.

This cause comes before the Court on plaintiff's motion for partial summary judgment as to defendant Florence Johnson n/k/a Florence Morrison (Johnson-Morrison). Defendant Johnson-Morrison has failed to respond within the time provided, and the motion is now ripe for ruling. For the reasons that follow, plaintiff's motion for partial summary judgment is granted.

## BACKGROUND

A brief procedural history of this action is as follows. In 2017, the Federal Energy Regulatory Commission (FERC) issued to plaintiff a certificate of public convenience and necessity for the construction of an approximately 600-mile underground pipeline and related facilities to be used to transport natural gas from West Virginia to Virginia and North Carolina. The route approved by FERC crosses the defendant-property. Plaintiff initiated this action by filing a complaint in condemnation pursuant to 15 U.S.C. § 717(f) and Fed. R. Civ. P. 71.1 on January 31, 2018. Plaintiff sought, *inter alia*, an order allowing the taking of certain interests in real property pursuant to its power of eminent domain as authorized by Section 7(h) of the Natural Gas Act. By order entered March 16, 2018, the Court granted plaintiff's motion for partial summary judgment and preliminary injunction, granting immediate access to the property.

In July 2020, plaintiff notified FERC that it was abandoning the pipeline project. It thus sought and received from FERC approval of a disposition and restoration plan. To that end, plaintiff filed an amended complaint on October 19, 2022, in which it seeks only a temporary easement necessary to wind down the project and restore the subject property pursuant to plaintiff's FERC-approved disposition and restoration plan.

In the instant motion, plaintiff seeks summary judgment on all issues, including its right to condemn the subject property for the purposes of a temporary easement and related activities, with the exception of the issue of just compensation. Defendant-landowner Florence Johnson-Morrison has appeared in this action and answered the amended complaint in condemnation. She has failed, however, to respond to the motion for partial summary judgment.

## DISCUSSION

A motion for summary judgment may not be granted unless there are no genuine issues of material fact for trial and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986). In determining whether a genuine issue of material fact exists for trial, a trial court views the evidence and the inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). However, "[t]he mere existence of a scintilla of evidence" in support of the nonmoving party's position is not sufficient to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party. . . . and [a] fact is material if it

2

might affect the outcome of the suit under the governing law." *Libertarian Party of Virginia v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (internal quotations and citations omitted).

The following material facts are undisputed. [DE 116]; *see also* Fed. R. Civ. P. 56(e). On October 13, 2017, FERC issued a certificate of public convenience and necessity authorizing plaintiff to construct and operate the Atlantic Coast Pipeline project. On March 16, 2018, [DE 47], the Court granted plaintiff immediate access to the property as against the original defendants. Plaintiff undertook certain work on the property. After later notifying FERC that it was cancelling the Atlantic Coast Pipeline project, plaintiff submitted a disposition and restoration plain which was approved by FERC on March 24, 2022. As part of the approved restoration plan, plaintiff must undertake certain restoration and remediation on the defendant-property. Plaintiff must also continue to monitor the outcome of that restoration and remediation work for a period of years following its completion and, if necessary, conduct further restoration and remediation. The easement sought in the amended complaint is necessary for restoration, remediation, reclamation, and monitoring as required by FERC's approval order. The property rights which plaintiff seeks to acquire are described in its amended complaint and are rights for which plaintiff has been approved by FERC to condemn under the FERC certificate and subsequent FERC orders, as well as the Natural Gas Act generally. Before it filed this case and its amended complaint, plaintiff attempted to purchase the necessary easements but was unable to reach an agreement with all of the property owners, and thus this condemnation action was filed as a result. Following the pipeline project's cancellation, plaintiff attempted to purchase the easements sought in the amended complaint from the property owners, and while it was able to reach an agreement with a significant number of the property owners, it has been unable to reach an agreement with all of the property owners, including with Ms. Johnson-Morrison.

The Natural Gas Act (NGA) provides that

> When any holder of a certificate of public convenience and necessity cannot acquire by contract, or is unable to agree with the owner of property to the compensation to be paid for, the necessary right-of-way to construct, operate, and maintain a pipe line or pipe lines for the transportation of natural gas, and the necessary land or other property, in addition to right-of-way, for the location of compressor stations, pressure apparatus, or other stations or equipment necessary to the proper operation of such pipe line or pipe lines, it may acquire the same by the exercise of the right of eminent domain in the district court of the United States for the district in which such property may be located, or in the State courts.

15 U.S.C. § 717f; *see also E. Tennessee Nat. Gas Co. v. Sage*, 361 F.3d 808, 821 (4th Cir. 2004) (Congress may grant condemnation power to "private corporations executing works in which the public is interested.") (quoting *Mississippi & Rum River Boom Co. v. Patterson,* 98 U.S. 403, 406, (1878) (alteration omitted)). "In order to condemn a property interest, then, [a natural gas company] must prove three elements: (1) it is a holder of a certificate of public convenience and necessity; (2) the property to be condemned is necessary for the construction, operation, and maintenance of the pipelines at issue; and (3) that it has been unable to acquire the necessary property interest from the owner." *Columbia Gas Transmission Corp. v. An Easement to Construct, Operate, & Maintain a 24-inch Gas Transmission Pipeline Across Properties in Greene Cty.*, No. CIV. 3:07CV00028, 2007 WL 2220530, at *3 (W.D. Va. July 31, 2007).

Plaintiff is an interstate natural gas company as defined by 15 U.S.C. § 717a(6) which holds a certificate of public convenience and necessity. FERC has further authorized the subject easement for restoration and related activities as described in the amended complaint. Any challenge by Ms. Johnson-Morrison to the FERC certificate or order, or plaintiff's compliance with the certificate, is not cognizable in this action. *Columbia Gas Transmission, LLC v. 252.071 Acres More or Less*, No. CV ELH-15-3462, 2016 WL 1248670, at *5 (D. Md. Mar. 25, 2016) ("when a landowner contends that the Certificate holder is not in compliance with the certificate,

4

that challenge must be made to FERC, not the district court", and "[r]eview of the validity of the Certificate is the exclusive province of the appropriate court of appeals."). Plaintiff has demonstrated that the subject easement is necessary, as is evidenced by FERC's certificate and order. *See Atl. Coast Pipeline, LLC v. 5.63 Acres*, No. 6:17cv84, 2018 U.S. Dist. LEXIS 32526, at *1 (W.D. Va. Feb. 28, 2018). Finally, plaintiff has demonstrated that it has been unable to acquire the subject easement by agreement with Ms. Johnson-Morrison. [DE 116-2] Arrington Decl. ¶¶ 19-34. Plaintiff has satisfied its burden to demonstrate that it is entitled to condemn the property interest sought in the amended complaint.

Plaintiff further argues in its motion for partial summary judgment that none of the defenses raised by Ms. Johnson-Morrison in her answer have merit. "Failure to respond to an argument made in a dispositive pleading results in a concession of that claim." *United Supreme Council v. United Supreme Council of Ancient Accepted Scot. Rite for 33 Degree of Freemasonry*, 329 F. Supp. 3d 283, 292 (E.D. Va. 2018). Thus, by failing to respond, Ms. Florence-Johnson has waived her right to contest plaintiff's arguments regarding her defenses. Accordingly, for those reasons discussed by plaintiff in its brief in support of entry of partial summary judgment, the Court determines that the issue of proper service as to Ms. Johnson-Morrison has been waived, the grant of immediate possession does not amount to a quick-take, the rights sought by plaintiff do not exceed FERC's order, the Court lacks jurisdiction to consider Ms. Johnson-Morrison's constitutional challenges, FERC's order and plan do not violate the Fifth Amendment, the subject property has been identified with sufficient specificity, plaintiff has satisfied its obligation to negotiate with Ms. Johnson-Morrison and other landowners, and Ms. Johnson-Morrison's argument regarding delegation of authority fails. *See* [DE 117 pp. 7-16].

Accordingly, and without opposition, plaintiff has demonstrated that it is entitled to partial summary judgment in its favor on its right to condemn the subject property and all other issues excepting just compensation. As Ms. Johnson-Morrison has demanded a jury trial, remaining for resolution is the issue of just compensation to be decided by a jury.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for partial summary judgment [DE 115] is GRANTED. A jury trial on the issue of just compensation will commence on February 27 at 10:30 a.m./p.m. at the United States Courthouse at Elizabeth City, North Carolina. Should the parties determine that entry of a pretrial order is necessary, they may request a pretrial conference by joint motion before United States Magistrate Judge Numbers.

SO ORDERED, this ___1___ day of ~~January~~ Feb 2024.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE