IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:18-CV-15-D

| | | |
|---|---|---|
| ATLANTIC COAST PIPELINE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| 4.24 ACRES, MORE OR LESS, IN HALIFAX COUNTY, NORTH CAROLINA, et al., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

In 2017, Atlantic Coast Pipeline, LLC, ("Atlantic" or "plaintiff") planned to build a 600-mile pipeline to transport natural gas from West Virginia to Virginia and North Carolina. On January 31, 2018, Atlantic filed an action against Grace Ann Copeland, Dwight A. Copeland, Derek R. Copeland, Jerrelle Maria Copeland, Dwayne C. Copeland, Orian Johnson, Raymond Johnson, Tiesta Johnson, Carrol Johnson, Florence Johnson, Angela Cherry, Ernestine Cherry, Rosetta Cherry, Barbara Cherry, Mary K. Campbell, Melvin Kyler, Michael Kyler, Merlin Kyler, Kimberly Nicole Scott, Gerald Kinard Scott, Mamie Scott, Sandra Scott, Clentis Scott, Jr., Audry Scott Adkins, Brenda R. Scott, Clementine S. Ruffin, Priscilla Scott, Camilla S. Smith, Christopher D. Scott, the Unknown Heirs of Mary R. Scott, and any other interested parties (collectively, "defendants") [D.E. 1]. As part of the process to build the pipeline, Atlantic sought to take defendants' certain interests in real property, immediate entry and possession of the real property, and the ascertainment and award of just compensation to the defendants. See [D.E. 1] 5. In 2020, Atlantic cancelled the proposed gas pipeline that prompted this action. Nonetheless, Atlantic

recognizes that it owes some money to some defendants concerning their property. See [D.E. 72] 3–4.

Florence Johnson is the sole remaining defendant. As explained below, the court denies Florence Johnson's request for appointment of counsel, denies Florence Johnson's motions for reconsideration, and denies Atlantic's motion to appoint land commissioners. The parties shall submit proposed trial dates for November and December 2024.

I.

On September 18, 2015, Atlantic applied for a certificate of public convenience and necessity with the Federal Energy Regulation Commission ("FERC") to construct the pipeline and attendant facilities. See Compl. [D.E. 1] ¶ 10; Am. Compl. [D.E. 77] ¶ 11. The pipeline was a planned 600-mile underground pipeline that would transport natural gas from West Virginia to Virginia and North Carolina. See Compl. ¶ 7; Am. Compl. ¶ 10. On October 13, 2017, FERC granted the certificate. See Compl. ¶ 10; Am. Compl. ¶ 12.

To construct the pipeline, Atlantic required permanent easements, temporary easements, ingress, egress, and the right to remove trees and clear brush or vegetation across defendants' 4.24 acres of land in Halifax, North Carolina, to construct, maintain, operate, alter, test, replace, and repair the pipeline. See Compl. ¶¶ 16, 20–21. Florence Johnson owns 2.78% of this land parcel. See [D.E. 144] 3. Because Atlantic and defendants could not reach a contractual agreement for the easements, Atlantic sought eminent domain over the properties. See Compl. ¶¶ 23–25.

On February 1, 2018, Atlantic moved for partial summary judgment on the issue of Atlantic's right to condemn the subject properties. See [D.E. 5] 1. The same day, Atlantic moved for a preliminary injunction. See [D.E. 9]. On March 16, 2018, United States District Judge

2

Case 4:18-cv-00015-D   Document 151   Filed 08/09/24   Page 2 of 9

Terrence W. Boyle granted Atlantic's motions for partial summary judgment and a preliminary injunction. See [D.E. 47].

On January 28, 2019, the court stayed the case. See [D.E. 59]. On June 3, 2019, Atlantic moved for an entry of default against numerous defendants, including Florence Johnson. See [D.E. 61]. On August 2, 2019, the Clerk of Court entered default against the defendants, including Florence Johnson. See [D.E. 62].

On July 5, 2020, Atlantic cancelled the pipeline. See Am. Compl. ¶ 15. On July 10, 2020, Atlantic notified FERC of the cancellation and requested time to complete restoration and abandonment work. See id. at ¶ 16. On March 14, 2022, FERC approved Atlantic's updated plan. See id. at ¶¶ 16–19. Atlantic now seeks a temporary easement "to wind down the [pipeline] and restore subject properties," id. at ¶ 2, including "restoration, remediation, reclamation, and monitoring." Id. at ¶ 20.

On October 19, 2022, Atlantic filed an amended complaint. See id. at ¶ 1. After cancelling the pipeline, Atlantic only sought the "the rights necessary to wind down the [pipeline] and restore subject properties" through a "temporary easement" and to compensate the defendants for this use. See id. at ¶ 2.

On May 16, 2023, the court lifted the stay. See [D.E. 96]. On June 5, 2023, the clerk entered default against numerous defendants, including Florence Johnson. See [D.E. 97]. On June 26, 2023, the clerk entered default against multiple defendants, including Orian Johnson. See [D.E. 100].[1] On July 5, 2023, Atlantic moved for default judgment on all issues other than just

---

[1] Orian Johnson has filed or had Florence Johnson file on his behalf various motions following the entry of default against him. See [D.E. 136, 145]. Because the clerk already entered default against Orian Johnson, the court denies as moot Orian Johnson's motions. Additionally, to the extent Florence Johnson has filed motions on Orian Johnson's behalf, Florence Johnson is not an attorney and cannot file letters and motion on behalf of another litigant. See 28 U.S.C. § 1654;

3

compensation owed and filed a memorandum in support. See [D.E. 102, 103]. On July 5, 2023, Florence Johnson moved to continue the hearing. See [D.E. 107]. On July 6, 2023, Judge Boyle orally continued the hearing and granted Florence Johnson an extension of time to obtain counsel. See [D.E. 108]. On September 5, 2023, Florence Johnson moved again for more time to obtain counsel and file an answer. See [D.E. 109]. On September 15, 2023, Judge Boyle stayed the case until November 1, 2023, or the filing of Florence Johnson's answer. See [D.E. 111]. On October 31, 2023, Florence Johnson answered the amended complaint. See [D.E. 112].

On November 20, 2023, Atlantic moved for partial summary judgment and filed a statement of material facts and memorandum in support. See [D.E. 115–117]. On February 1, 2024, the court granted Atlantic's motion for partial summary judgment and scheduled a jury trial on the issue of just compensation for Florence Johnson for February 27, 2024. See [D.E. 126].

On February 14, 2024, Florence Johnson's counsel moved to withdraw due to "irreconcilable conflict." [D.E. 127] 2. On February 20, 2024, the court granted counsel's motion to withdraw. See [D.E. 130]. The same day, the court rescheduled the jury trial for March 14, 2024. See [D.E. 131]. On March 11, 2024, Florence Johnson requested an "[a]djournment" and counsel. [D.E. 134] 2. On March 12, 2024, the court denied this motion in a text order. On March 13, 2024, Florence Johnson moved for reconsideration of the text order. See [D.E. 136].

On March 14, 2024, the court impaneled a jury, the parties made opening statements, and Florence Johnson called one witness on the sole issue of just compensation. See [D.E. 141]. Following Florence Johnson's improper questioning, the court declared a mistrial. See [D.E. 146] 2–3. The same day, Florence Johnson moved for reconsideration and adjournment because the

---

Myers v. Loudoun Cnty. Pub. Schs., 418 F.3d 395, 400 (4th Cir. 2005); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (per curiam).

4

pipeline's restoration progress showed "no sign of [n]ative [f]lora or [f]auna," and she wanted more information concerning how "this restoration may have adversely influenced soil, surface water[,] and underground aquifers" and appointment of counsel. See [D.E. 145] 3–4. Florence Johnson also moved for reconsideration of the entry of default against Orian Johnson and partial summary judgment for Atlantic. See id. at 3–5. According to Florence Johnson, her counsel did not clearly communicate with her or follow her proposed strategy. See id. at 4.

On March 22, 2024, Atlantic moved for appointment of land commissioners in lieu of a second jury trial to "determine the amount of just compensation owed to [Florence Johnson]." [D.E. 144] 1. On April 3, 2024, this case was reassigned to United States District Judge James C. Dever III. See [D.E. 147]. On April 15, 2024, Florence Johnson responded in opposition to Atlantic's motion for appointment of land commissioners. See [D.E. 148]. On April 26, 2024, Atlantic replied. See [D.E. 149].

## II.

### A.

Florence Johnson seeks appointment of counsel because her counsel withdrew due to "irreconcilable conflict." [D.E. 127] 2; see [D.E. 145] 4. There is no right to counsel in civil cases absent "exceptional circumstances." Jenkins v. Woodard, ___ F.4th ___, 2024 WL 3490967, at *4 (4th Cir. July 22, 2024) (quotation omitted); see Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds by Mallard v. U.S. Dist. Court for S. Dist. of Iowa, 490 U.S. 296, 300 n.2 (1989); Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant, 739 F.2d at 163 (quotation omitted). A court must determine "(1) whether the plaintiff has a colorable claim and (2) considering the claim's objective

5

complexity and the plaintiff's subjective abilities, whether the plaintiff lacks the capacity to present it." Jenkins, 2024 WL 3490967, at *4 (quotations omitted). If the court answers both questions "affirmatively, the case presents exceptional circumstances." Id.

Johnson does not have a colorable claim for reconsideration. She seeks counsel to discuss issues outside of the scope of the remaining issue in this litigation. Even if Johnson had a colorable claim, the facts of the case and Florence Johnson's abilities do not present exceptional circumstances. The remaining question only involves just compensation. Moreover, Florence Johnson has filed motions and developed a theory of the case. Objectively, the remaining issue is not complex. Subjectively, Florence Johnson has the ability to present her case. Thus, the court denies Florence Johnson's motion to appoint counsel.

B.

Florence Johnson seeks reconsideration of the March 12, 2024 text order and the court's order granting partial summary judgment to Atlantic because she alleges her counsel did not clearly communicate with her. See [D.E. 145] 4. "[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Before a final order is entered, "a district court retains the power to reconsider and modify its interlocutory judgments . . . at any time prior to final judgment when such is warranted." Am. Canoe Ass'n, Inc. v. Murphy Farms, Inc., 326 F.3d 505, 514–15 (4th Cir. 2003); see Carlson v. Bos. Sci. Corp., 856 F.3d 320, 325 (4th Cir. 2017). "Motions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment," but are "committed to the discretion of the district court." Am. Canoe Ass'n, 326 F.3d

6

at 514–15. The standard for reconsidering a non-final order is less demanding than the standard for reconsidering a final judgment. See, e.g., Carlson, 856 F.3d at 325. A court may revise an interlocutory order if substantially new facts come to light, if the applicable law changes, or if the court determines it made a clear error resulting in a manifest injustice. See id.; Valencell, Inc. v. Apple Inc., No. 5:16-CV-1, 2017 WL 2819768, at *1 (E.D.N.C. June 28, 2017) (unpublished).

Although Florence Johnson alleges that her counsel failed to communicate with her and failed to engage in her proposed strategy, those reasons do not warrant reconsidering the court's orders. See [D.E. 145] 2–3; cf. [D.E. 127] 2. Thus, the court denies her motions for reconsideration.

C.

Atlantic seeks appointment of land commissioners in lieu of a jury trial to "determine the amount of just compensation owed to [Florence Johnson]." [D.E. 144] 1. "If a party has demanded a jury [trial], the court may instead appoint a three-person commission to determine compensation because of the character, location, or quantity of the property to be condemned or for other just reasons." Fed. R. Civ. P. 71.1(h)(2)(A); see United States v. Cunningham, 246 F.2d 330, 332–33 (4th Cir. 1957); United States v. Wallace, 201 F.2d 65, 66–67 (10th Cir. 1952); Midship Pipeline Co. v. Tract No. CN-0004.000, 1.504 Acres of Land, More or Less, Permanent Easement in Canadian Cnty., No. CIV-18-858, 2019 WL 13136728, at *2–4 (W.D. Okla. Aug. 30, 2019) (unpublished); S. Nat. Gas Co. v. Approximately 1.06 Acres of Tax Parcel No. 17-05-21-0-002-008.00, No. 2:11-CV-191, 2012 WL 976027, at *1–3 (M.D. Ala. Mar. 22, 2012) (unpublished); Rockies Express Pipeline, LLC v. 4.895 Acres of Land, More or Less, in Butler Cnty., No. 2:08-CV-554, 2008 WL 5050644, at *4–6 (S.D. Ohio Nov. 20, 2008) (unpublished). "Before making its appointments, the court must advise the parties of the identity and qualifications of each

7

prospective commissioner and alternate, and may permit the parties to examine them." Fed. R. Civ. P. 71.1(h)(2)(C). "The parties may not suggest appointees, but for good cause may object to a prospective commissioner or alternate." Id.

As for the property's character, Florence Johnson's property is "an undeveloped, partially wooded parcel with no improvements." [D.E. 144] 2. Before the pipeline's construction, the area included "heavily forested land, te[e]ming with [n]ative [f]lora and [f]auna." [D.E. 145] 3. Thus, there are no difficult questions of valuation that merit the appointment of land commissioners.

As for the property's location, it is in Halifax County, North Carolina. Although the property is in a remote area of Halifax County, it is not difficult or impossible to access. Moreover, video technology and photographs will permit the jury to understand the property without a site visit.

As for the property's quantity, Florence Johnson is the only remaining defendant, and she owns 2.78% of this land parcel, a relatively small amount. See [D.E. 144] 3. The court can hold a jury trial expeditiously, benefitting the parties who have been involved with this litigation since 2017. Having considered the record and governing law, the court denies Atlantic's motion to appoint land commissioners.

### III.

In sum, the court DENIES defendant Florence Johnson's request for appointment of counsel [D.E. 145], DENIES defendant Florence Johnson's motions for reconsideration [D.E. 136, 145], and DENIES plaintiff's motion to appoint land commissioners [D.E. 144]. The parties SHALL submit proposed trial dates for November and December 2024. The parties SHALL submit proposed trial dates no later than August 23, 2024. The court anticipates a one-day jury trial.

SO ORDERED. This 9 day of August, 2024.

                                                                                           JAMES C. DEVER III  
                                                                                          United States District Judge