IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASETRN DIVISION
No. 4:18-CV-15-D

| | | |
|---|---|---|
| ATLANTIC COAST PIPELINE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>4.24 ACRES, MORE OR LESS, IN HALIFAX COUNTY, NORTH CAROLINA, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **ORDER** |

On January 31, 2018, Atlantic Coast Pipeline, LLC ("Atlantic" or "plaintiff") filed a condemnation action against numerous parcels of land in North Carolina and their respective landowners, including Florence Morrison ("Morrison" or "defendant") [D.E. 1].[1] On October 19, 2022, Atlantic filed an amended complaint seeking a temporary easement over those parcels of land [D.E. 77]. On October 31, 2023, Morrison answered [D.E. 112]. On November 20, 2023, Atlantic moved for partial summary judgment [D.E. 115] and filed a statement of material facts [D.E. 116] and memorandum in support [D.E. 117]. On February 1, 2024, the court granted Atlantic's motion for partial summary judgment and scheduled a jury trial on the issue of just compensation for Morrison—the only remaining defendant—regarding her 1/36th ownership interest in approximately 4.24 acres of land in Halifax County, North Carolina ("the property") [D.E. 126]. On March 13, 2024, the Honorable Terrence W. Boyle impaneled a jury, heard opening statements, and received evidence before declaring a mistrial due to Morrison's

[1] During the nearly seven-year lifetime of this case, Florence Johnson changed her name to Florence Morrison.

misconduct [D.E. 146]. On April 3, 2024, the case was reassigned to the undersigned [D.E. 147]. On August 17, 2024, the court scheduled a second trial for December 16, 2024 [D.E. 154].

On November 1, 2024, Atlantic moved to exclude any evidence concerning (1) the sentimental value of the property, (2) collateral attacks on prior proceedings, (3) just compensation for other landowners, and (4) just compensation for a permanent easement [D.E. 164] and filed a memorandum in support [D.E. 165]. Morrison's deadline to respond was November 25, 2024, and Morrison did not respond. As explained below, the court grants Atlantic's motion to exclude.

I.

"Irrelevant evidence is not admissible." Fed. R. Evid. 402; see Old Chief v. United States, 519 U.S. 172, 178 & n.3 (1997). Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Old Chief, 519 U.S. at 178; Fed. R. Evid. 401.

Federal Rule of Evidence 403 "authorizes exclusion of relevant evidence when its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Old Chief, 519 U.S. at 180; Fed. R. Evid. 403. The court has broad discretion in weighing the probative value of evidence and whether that evidence is "substantially outweighed by the danger of unfair prejudice." United States v. Hart, 91 F.4th 732, 743 (4th Cir. 2024) (cleaned up).

A.

Atlantic seeks to exclude evidence concerning the property's sentimental value. See [D.E. 165] 3–4. The Fifth Amendment prohibits the government, or those acting with delegated eminent domain power, from taking property "without just compensation." U.S. Const. Amend. V; see

United States v. 50 Acres of Land, 469 U.S. 24, 25–26 (1984); United States v. 8.929 Acres of Land in Arlington Cnty., Va., 36 F.4th 240, 253 (4th Cir. 2022). "The Supreme Court has repeatedly held that just compensation normally is to be measured by the market value of the property at the time of the taking contemporaneously paid in money." 8.929 Acres, 36 F.4th at 253; accord 50 Acres, 469 U.S. at 29–30; Olson v. United States, 292 U.S. 246, 254–55 (1934). In other words, just compensation is determined by finding the property's "fair market value" at the time of the taking. 8.929 Acres, 36 F.4th. at 254. Courts only depart from this rule in "highly unique circumstances." Id.

The circumstances of this case are not highly unique. This is a mine-run taking of a temporary easement under the Natural Gas Act. See, e.g., Mountain Valley Pipeline, LLC v. 6.56 Acres of Land, Owned by Sandra Townes Powell, 915 F.3d 197, 214 (4th Cir. 2019); Dominion Carolina Gas Transmission, LLC v. 1.169 Acres, in Richland Cnty., S.C. located on Parcel R39100-02-05, 218 F. Supp. 3d 476, 478 (D.S.C. 2016). Sentimental value is "of [no] consequence" in determining the fair market value of a temporary easement. Fed. R. Evid. 401. The court must exclude "proof of value peculiar to the [landowner]." United States v. Gen. Motors Corp., 323 U.S. 373, 383 (1945); see In re Condemnation by Greensboro, 252 N.C. 765, 767, 114 S.E.2d 635, 637 (1960); Carolina Power & Light Co. v. Merritt, 50 N.C. App. 269, 274, 273 S.E.2d 727, 731 (1981). Moreover, even if relevant, the court excludes such evidence as unfairly prejudicial and confusing. See Fed. R. Evid. 403. Thus, the court excludes any evidence concerning the sentimental value of the property at issue.

B.

Atlantic seeks to exclude evidence concerning collateral attacks on prior proceedings. See [D.E. 165] 4–5. Evidence attacking the legitimacy of prior legal proceedings in this case is "of

[no] consequence" in determining just compensation. Fed. R. Evid. 401. In the first trial, Morrison ignored the court's admonitions and repeatedly offered opinion evidence attacking the legitimacy of prior court orders, the court's denial of Morrison's motion to continue, and the court's case management. See [D.E. 178] 21–29, 45–48. Such evidence remains irrelevant. See Fed. R. Evid 401, 402; cf. United States v. Mosby, 626 F. Supp. 3d 847, 856, 859 (D. Md. 2022). Moreover, even if relevant, the court excludes such evidence as unfairly prejudicial and confusing. See Fed. R. Evid. 403. Thus, the court excludes any evidence concerning collateral attacks on prior proceedings.

C.

Atlantic seeks to exclude evidence concerning just compensation owed to other landowners. See [D.E. 165] 5. The court has adjudicated the just compensation claims of all other landowners in this case—except for Morrison—and Atlantic has deposited those funds with the court clerk. See [D.E. 121, 124]. To the extent that Morrison seeks to offer evidence or imply that she is arguing on behalf of other landowners, that evidence is "of [no] consequence" in determining Morrison's just compensation claim. Fed. R. Evid. 401. Moreover, even if relevant, the court excludes such evidence as unfairly prejudicial and confusing. See Fed. R. Evid. 403. Furthermore, Morrison's pro se status does not allow her to litigate others' claims. See, e.g., Myers v. Loudoun Cnty. Pub. Sch., 418 F.3d 395, 400 (4th Cir. 2005). Thus, the court excludes any evidence concerning just compensation owed to other landowners and bars Morrison from arguing or offering evidence on their behalf.

D.

Atlantic seeks to exclude evidence concerning the value of a permanent easement. See [D.E. 165] 6. The property taken defines a condemnation action's scope. See Columbia Gas

Transmission, LLC v. 76 Acres, More or Less, in Baltimore & Harford Cntys., Md., 701 F. App'x 221, 226 (4th Cir. 2017) (unpublished). Here, Atlantic has taken a temporary easement. See [D.E. 77] 8; [D.E. 126] 2. Accordingly, to the extent that Morrison seeks to offer evidence concerning the value of a permanent easement, that evidence is "of [no] consequence" in determining her just compensation claim for the temporary easement at issue. Fed. R. Evid. 401. Moreover, even if relevant, the court excludes such evidence as unfairly prejudicial and confusing. See Fed. R. Evid. 403. Thus, the court excludes any evidence concerning the value of a permanent easement.

II.

In sum, the court GRANTS plaintiff's motion to exclude [D.E. 164].

SO ORDERED. This 4 day of December, 2024.

J. Dever

JAMES C. DEVER III
United States District Judge