IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
Case No. 4:18-cv-00015-D

ATLANTIC COAST PIPELINE, LLC,

*Plaintiff*,

v.

4.24 ACRES, MORE OR LESS, IN
HALIFAX COUNTY, NORTH
CAROLINA *et al.*,

*Defendants*.

**FINAL ORDER AND JUDGMENT**

Before the Court is plaintiff Atlantic Coast Pipeline, LLC's action in eminent domain brought under 15 U.S.C. § 717(f) and Fed. R. Civ. P. 71.1. When this action was filed, the defendants included various individuals who have or may have an ownership interest in the subject parcel. Plaintiff has either settled with or obtained judgment against all but one of the defendants, and the only remaining defendant left for adjudication is Florence Johnson n/k/a Florence Morrison ("Ms. Morrison").

With respect to Ms. Morrison, on February 1, 2024, the Court issued an Order [DE 126] granting plaintiff's motion for partial summary judgment, thereby finding that plaintiff has the right to condemn the temporary easement sought in the First Amended Complaint in Condemnation [Doc. 77]. The only issue left was to determine the just compensation owed to Ms. Morrison for a temporary easement.

On March 14, 2024, the Court held a jury trial on the issue of the just compensation owed to Ms. Morrison. [Doc. 141.] At that trial, the Court declared a mistrial and the issue of just

compensation was therefore not decided. [Doc. 146.] The Court then scheduled a new trial to occur on December 16, 2024. [Doc. 154.]

At the jury trial in this matter held on December 16, 2024, at the United States Courthouse in Raleigh, North Carolina, after the close of all the evidence, plaintiff moved for judgment as a matter of law under Federal Rule of Civil Procedure 50(a). For the reasons stated on the record, that motion is hereby GRANTED, and the Court finds as follows for judgment purposes:

| | |
|---|---|
| Total just compensation for the taking: | $ 5400 |
| Ownership interest of Ms. Morrison: | 1/36 |
| Just compensation owed to Ms. Morrison: | $ 150 |

Now, the Court ORDERS as follows:

1. Subject to certain conditions identified below, plaintiff is entitled to condemn a temporary easement lasting from March 22, 2018 to March 22, 2026, as further described in the First Amended Complaint in Condemnation [Doc. 77], over and across certain real property located in Halifax County, North Carolina, described as Parcel Identification No. 0500899, comprised of 75.75 acres, more or less, as is more particularly described as "Property of Mary R. Scott Heirs" dated January 10, 1997, and recorded February 24, 1997, in a Warranty Deed in Book PL 6, Page 12 of the land records of Halifax County (the "Temporary Easement").

2. Pursuant to Fed. R. Civ. P. 71.1(j)(1), plaintiff shall remit just compensation in the amount of $ 150, plus statutory interest at the rate of 2.08 %, per annum, which shall accrue starting from the date of taking, which is March 22, 2018, until the day in which such amounts are deposited in the form of a certified check with the Clerk of the Court. After making the deposit, plaintiff shall file a notice on CM/ECF that said deposit has occurred.

3. Pursuant to Fed. R. Civ. P. 71.1(j)(2), after such deposit is made, the Clerk of the Court shall distribute the deposit, as payment for just compensation, via check made payable to "Florence Morrison" and sent to the following address: 2406 East State Road 60, Unit 143, Valrico, Florida 33595.

4. Plaintiff shall record or cause to be recorded a copy of this Final Order and the First Amended Complaint in Condemnation, with all exhibits thereto (except Exhibits 2 and 3), among the land records for Halifax County, North Carolina.

5. With respect to the Surety Bond previously posted by Atlantic in this, and other, condemnation actions (*see* Doc. 50), the Clerk of the Court is directed to mail or otherwise deliver the original of the certified surety bond (Doc. 50) to the following: Henry L. Kitchin, Jr., at Post Office Box 599, Wilmington, North Carolina 28402.

6. Once plaintiff has satisfied the two conditions in paragraphs 2 and 4 above, indefeasible title to the Temporary Easement shall vest in Atlantic Coast Pipeline, LLC without further Order of the Court.

7. The Court DIRECTS the Clerk to close the above-captioned case and to send a copy of this Final Order to all parties of record.

SO ORDERED. This __16__ day of December, 2024.

                                                       JAMES C. DEVER III
                                                     United States District Judge